IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

BOBBY JOE JOHNSON                                                                              PLAINTIFF

VS.                                                              CIVIL ACTION NO. 3:04cv768-HTW-JCS

TOBY TROWBRIDGE, et al.                                                                 DEFENDANTS

## MEMORANDUM OPINION

Plaintiff brought this section 1983 action alleging that he was assaulted by officers at the Madison County Detention Center while he was incarcerated there.  The matter was tried by the undersigned, an order of reference having been entered and the parties having consented to trial by the undersigned.  Having considered the evidence presented at trial, the court makes the following findings of fact and conclusions of law.

At the trial, Plaintiff gave the following account of the alleged assault.  On August 31, 2004, Plaintiff, who was then a trusty at the jail, was in the laundry room finishing his work.  Officer Thomas Strait approached him and told him to go pack his stuff because his trusty status was being revoked and he was to be moved to a state prisoner cell.  Plaintiff and Strait went to Plaintiff's cell, packed his things, and returned to the laundry room.  Strait handed him an orange uniform[1] but then stated that Johnson could not wear that partifcular uniform because it had a hole in it. Plaintiff threw the uniform on the floor.  Strait warned Plaintiff "not to do that again," and Plaintiff asked him what the big deal was.  Strait then threw Plaintiff into the wall, and Plaintiff slid down to the floor.  At this

---

[1] At the detention center, state inmates not having trusty status are required to wear orange uniforms.

point Officer Chuck McNeal appeared on the scene, jumped on Plaintiff, and put leg irons on him. Plaintiff sustained an injury to his lip as a result of the incident.

The version of the incident testified to by Officers Strait, McNeal, and James Knight was as follows.  Strait was instructed to move Johnson from a trusty cell to a state cell.  Strait went to Johnson to inform him of the move and explained that Johnson would need to pack his personal belongings and change into an orange uniform.  Johnson became upset and began to raise his voice.  Straight escorted Johnson to his cell to collect his property and then escorted him to the C hall to be dressed in an orange uniform.  Strait handed an orange uniform to Johnson, but Johnson threw the uniform onto the floor.   Straight handed him several other uniforms, but Johnson continued to throw them down.  About this time Knight arrived on the scene and told Johnson to calm down; however, Johnson continued to throw  uniforms to the floor.  When Strait ordered him not to do this again, Johnson responded by asking "What are you going to do about it?" and by closing his hands into fists and making a threatening move toward Knight.

In response to the threat to Knight, Strait penned Johnson to the wall.  Johnson resisted, and Strait and Knight attempted to take him to the floor but were unable to do so. Officer Dearing then arrived and was successful in taking Johnson to the floor by performing a "spin maneuver" from behind.  However, in the process Dearing sustained a broken leg.  Straight and Knight placed handcuffs on Johnson and moved him onto a mat. They then tended to Dearing.  McNeal arrived at this point and observed Johnson trying to get up from the mat.  In response, McNeal place his knee onto Johnson's back to hold him down.  Pursuant to jail procedure, Johnson was then taken to the medical clinic.

Strait, Knight and McNeal, specifically testified that they never hit, struck, or kicked Plaintiff, that they never placed leg irons and him, and that they used the minimal amount of force necessary to obtain control over Johnson.  Plaintiff's medical records reflect that he was treated for a injured lip following the incident.  No other injuries were noted.

The undersigned concludes that the Defendants' version of the incident was more credible than Plaintiff's.  The court specifically finds that Defendants used only the minimal amount of force necessary to obtain control over Plaintiff.  For this reason, the court concludes that Plaintiff failed to prove a constitutional violation by Defendants.  A separate judgment in favor of Defendants will be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this the 2nd day of December, 2005.

/s/ James C. Sumner

UNITED STATES MAGISTRATE JUDGE